UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| KEITH LAMONT FARMER ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0434 |
| ] | Judge Sharp |
| DAVIDSON COUNTY SHERIFF'S ] | |
| OFFICE, et al. ] | |
|     Defendants. ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office; Daron Hall, Sheriff of Davidson County; ABL Management Food Services; the Metropolitan Government of Nashville and Davidson County; and five members of the Davidson County Sheriff's Office; seeking damages.

In December, 2011, the plaintiff began to eat his lunch when he realized that he had bitten into something sharp. The sharp object left deep cuts in the plaintiff's mouth and caused him a great deal of bleeding. The plaintiff believes that the defendants should compensate him for his injuries.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution

or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981).

In essence, the plaintiff claims that his injuries were a result of the defendants' negligence. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. <u>Estelle v. Gamble</u>, 97 S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. <u>Whitley v. Albers</u>, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); <u>Daniels v. Williams</u>, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

*/s/ Kevin H. Sharp*
Kevin H. Sharp
United States District Judge